DÍAZ *v.* GUERRA ET AL.

## APPEAL from the District Court of San Juan.

No. 59.—Decided June 28, 1907.

EVIDENCE.—The fact that a document bears a date prior to that on which the facts stated in the complaint are alleged to have occurred, is not a sufficient objection to warrant its exclusion from the evidence, unless it is shown that it is inadmissible for some other reason.
ID.—APPEAL—OCULAR INSPECTION—STATEMENT OF FACTS.—The documents, maps, ect., introduced in evidence during the trial must be made a part of the statement of facts, and the result of any ocular inspection made by the judge must also be made to appear in such statement, in order that the whole may be considered by the appellate court.
ID.—JUDGMENT.—Whatever may be the errors committed by the inferior court in its opinion they do not affect the judgment, nor constitute a ground for the reversal thereof, if the judgment is correct and in accordance with the law.

The facts are stated in the opinion.

*Mr. Torres* for appellant.

*Mr. Cuevillas Hernández* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

In this appeal the opinion of the District Court which appears in the record is as follows:

"District Court of the District of San Juan, P. R. Number 324. *Acisclo Díaz Varcarcel v. A. Guerra y Sucesión Mauricio Guerra.* In this case the plaintiff asks that the defendants be required, first, to demolish the wall of the brick house which they constructed, invading the plaintiff's lot; second, to pay an indemnity to the plaintiff in the sum of $300; and third, to pay the costs. And the defendants ask that the judgment of the District Court of San Juan, rendered on the 24th of September, 1900, be considered *res judicata,* and that a new trial could therefore not be granted, nor the decision again made; second, that the house of the defendants has not invaded the lot whose usufruct is in the plaintiff; and third, that the plaintiff pay them $600 for damages caused them. And the said defendants furthermore filed a cross bill, and therein ask that the plaintiff be required to leave a clear passage open in the defendant's lot which the plaintiffs improperly occupy. and to pay them $500 for damages and costs. Such are the prayers in this case, the same being based

upon the proper statement of the facts in the complaint and the answer thereto. We should first consider the question of the *res judicata*. This case was in reality decided by the District Court of San Juan, but the decision was rendered in a case of interdict on the building of a new house, and in view of the nature of that case, the judgment rendered therein does not put an end to the fundamental matter contended for, which question may later be more fully considered in a less limited proceeding. Therefore, in our opinion, we should ignore altogether the judgment rendered in the interdict, and decide this case on the merits of the allegations made and the evidence presented in the same. What is this suit about? What is in reality the fundamental question involved in the same? It is sought in truth and that is the fundamental question, to determine to whom the usufruct of a certain portion of land belongs. The plaintiff alleges that he is the owner of a house situated on Calle del Sol in Río Piedras, which house is built on a lot belonging to the municipality having 16 yards of frontage and 36 yards deep; that the defendants also have the usufruct of a lot 14 yards in front and 36 yards deep, and that having built a house on the said lot, they exceeded the limits of the same, and invaded the lot of the plaintiff to the extent of 14 inches in front, which in view of the fact that the wall of the house next to his lot does not form a right angle with the wall built on Sol Street, makes the invasion on his property at the rear reach the amount of approximately a yard and a half.

"The defendant alleges that he has the usufruct of a lot having a frontage of 15 yards and 10 inches, and 36 yards deep, and since the house which has been built on the said lot is only 14 yards and 20 (two centimeters), or rather, two hundredths, wide in front, it is clear that it has been built within the limits of the lot of the defendants, and it is the plaintiff who is occupying a part of the lot of the defendants.

"In order to prove such allegations voluminous proofs have been presented, from all of which only one fact appears to be unquestionable, and this is that the title to the two lots involved in this litigation is in the municipality of Río Piedras. Since the year 1825 when the lots were bought by the said municipality they have never been sold, but only the usufruct thereof has been granted to other parties.

"From an examination of all the deeds, the conclusion is reached that in passing from one owner to another, or rather usufructuaries, the lots involved in this suit, have not always retained in the documents the same dimensions. Hence the uncertainty in the proof.

"The plaintiff has presented as evidence a certain certificate which shows that on the 8th of April, 1886, the *alcalde* of Río Piedras, Enrique Ramos Izquierdo, issued a certain document in which it was set forth that the lot occupied by the plaintiff measured 16 yards in front, by 36 yards deep, as appeared from the record of creation and the plan of that town.

"And the defendant presents as evidence another document, also issued by the *alcalde* of Río Piedras issued in the year 1889 in which it is made to appear that, according to the plan, the lot held by the defendants was 13 meters in front—that is to say, more than 14 yards.

"The first certificate is entirely favorable to the interests of the plaintiff; the second entirely favorable to the interests of the defendants.

"As both certificates do not refer to the plan of Río Piedras we shall examine that plan. According to the necessary part brought into the record by the experts Don Juan Bautista Rodríguez, engineer, and Don Rafael Janer, surveyor, according to the plan, the lot occupied by the defendants is 13 meters wide in front, and the one occupied by the plaintiff is 11 meters and 15 centimeters. So that in truth the plan supports the certificate which is favorable to the defendants. Without arriving at the conclusion that there had been an act of bad faith on the part of the *alcalde* in issuing the certificate of 1886, he might have made an error in reducing the meters to yards and stated 16 yards in round numbers.

"Moreover there is another piece of evidence which is favorable to the defendants, and adverse to the plaintiff. That evidence is in regard to the fence. It appears traced upon the plan attached to the record and to which we have made reference, executed by the experts Rodríguez and Janer, in an oblique direction, which shows the line of the wall of the house of the defendants which it is sought to demolish, and within the portion enclosed thereby is the building of Guerra, or the defendants. In regard to this the expert Mr. Larrinaga stated that the building of the defendants was within the inclosure of the fence, and the witness González also speaks of the fence.

"In writing this opinion we wish only to state in a general way why we have reached the conclusion set forth in the judgment. We find our time limited, and we are sure that the record will entirely support our decision, without the necessity of our stating the basis of the same, but this case has acquired such a large amount of publicity that it is made necessary for the judge considering the same to study

it in writing, in order that his opinion may be known, and the reasons on which his final decision is based.

"The real owner of the property, the municipality of Río Piedras, has not been a party to this suit. The judicial struggle was commenced and maintained by and between the usufructuaries.

"Both parties seek to have the court take steps which would result in serious consequences, and especially the plaintiff, who seeks to have the wall of a brick house two stories high, demolished, and that he be paid $300 as damages.

"Would the evidence presented by the plaintiff justify the court in adjudging to the plaintiff what he seeks? We are compelled to reply in the negative.

"There is no doubt that there is evidence favorable to the plaintiff, but it is also an undoubted fact that there is evidence favorable to the defendants in this action.

"And moreover this is not a case where a property owner seeks to recover his land. We are considering the usufructuary who paid absolutely nothing for the land of which he claims to have been dispossessed. And it has by no means been shown that he was dispossessed. That fence located there and which he must have seen every day, and which he consented to, was dividing the lots, and the defendants, built on the side that the fence showed to be theirs. And that plan of the municipality of Río Piedras, which has not been shown to have been altered in due form, clearly shows us that the building erected by the defendants lies within the limits of the land which the said municipality turned over to them for their use.

"Furthermore, in making an ocular inspection of the lots involved in this litigation, we were convinced of the exactness of the plan, and above all of the fact that the plaintiff had suffered no inconveniences whatever. The house is one of medium height, and the stairs leading up to the same are as wide as could be desired.

"The alley separating his house from that of the defendants is more than two meters wide. So that it is not a question of a person who has been deprived of air and light by reason of the construction of another house, or that owing to the building of the house the space under his control has been reduced so that he should have been prevented from carrying on any industry or commercial pursuit. None of this is the case. The little guanabana tree destroyed in building the house of the defendants does not imply anything. It might have

been on the dividing line between the lots, or within the limits of the lot itself of the plaintiff, and in placing the cement for the house of the defendants, they might have cut its roots which extended that far, and it might have fallen in consequence thereof.

"And it cannot be said that the plaintiff seeks only to recover what he may have been unjustly obliged to spend in the unfortunate case of interdict of a new building.

"Considering the evidence, we must say that we reach the conclusion that the expenses incurred by the plaintiff should not be paid for by the defendants. That was a sad case which went beyond the serene sphere of the law to produce the scandal it did in the world and excite the passions. It was a sad case indeed, in which if there was any stain the same extended to all, to the plaintiff himself who caused to be written, because of the recommendations sought for and employed, those letters of which he later made use to further his violent campaign; a useless campaign for the exercise of his right, since what he has done, now, filing a broader suit than the interdict, he could have done at that time.

"Such is our opinion in this case. And for the same reasons, the evidence being contradictory, we think that we should declare the counterclaim of the defendants not well founded.

"Let both parties go in good faith to the real owner of the land, and ask that the certificates be harmonized, that of 1886 and that of 1899, and that the lots be measured and this matter will be terminated in a manner satisfactory to both parties, and to equity and justice.

"Pronounced in open court this 30th day of March, 1906.— (Signed) Emilio del Toro, Judge."

Both parties have appealed from the judgment of the court below.

The foregoing opinion is attacked by the plaintiff among other things, because it speaks of usufructuaries as if their rights were different from those of ordinary persons owning an interest in lands. We agree with the plaintiff that persons holding in usufruct have rights which the law is bound to protect, but as the opinion of the court below was in reality based on the failure of the plaintiff to make out a case, the error, if any, would make no difference.

It was not error as alleges the plaintiff, on the part of the trial court to admit a document in evidence, namely, the writing of 1837, where the ground of objection was merely that it antedated the matters set forth in the complaint, unless it was also shown, as was not done, that such writing was otherwise inadmissible. The other objections made to the opinion cannot affect the judgment as the error must be in the judgment itself and not in the supposed mistaken view of the law that the judge may hold. But it is evident from a reading of the opinion that the questions presented to us for review both with respect to the plaintiff and the defendants are questions of fact merely.

We are convinced that the judge below was right in taking the plan of Río Piedras as the guide in determing the dimensions of the two conflicting lots. It likewise appears from the opinion that the house of the defendants was within the oblique line which is claimed to be the boundary between the two parcels of ground.

However, with respect to the appellant, Díaz Valcarcel, if we were in doubt as to the correctness of the judge's opinion, we should be unable to reverse the judgment because the documents of which the statement of the case makes mention have not been certified to us by the judge below and a similar thing applies to the statement of the case presented by the opposing appellant. None of the maps could thus be considered by us because they were not made part of the several statements of fact. Moreover, there was an ocular inspection made of the premises and nothing was done to reduce this to such a legal form that it could be reviewed by an appellate tribunal. Either party who wished to reply upon or attack this proceeding of an ocular inspection and the result of it, should have reduced the same to proper form.

The proper form to prepare a record is set forth in the case of *Eurípides López* v. *The American Railroad Co. of Porto Rico,* decided by this court on June 28, 1906.

For these reasons the judgment appealed from must be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and MacLeary concurred.